UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 10319 PBS**

ALEXANDRE, Jean Jadel )
    Petitioner )
)
v. )    PETITION FOR HABEAS CORPUS
)
    MAGISTRATE JUDGE _____
BRUCE CHADBOURNE )
Bureau of Immigration )
and Customs Enforcement )
    Respondent )
)

Now comes the Petitioner:

1. The Petitioner, Jean Jadel Alexandre, is a resident of Massachusetts, and is presently in the custody of the Immigration and Custom Enforcement, at the Suffolk County Corrections (South Bay), Boston, Massachusetts.

2. The Respondent, Bruce Chadbourne, is the Director for the U.S. Immigration and Custom Enforcement, District of Boston.

## JURISDICTION

3. Jurisdiction is granted to this United States District Court pursuant to 28 U.S.C. sec. 2241, a writ of habeas corpus can extend to a prisoner who is in custody "in violation of the constitution or laws or treaties of the United States." 28 U.S.C. sec. 2241(c)(3). Oliva v. INS, 1999 WL 61818 (2nd Cir. 1999).

## SUMMARY OF ISSUE

4. Whether the US Immigration and Custom Enforcement can execute Petitioner on a final order of Removal, where a Motion to Reopen based upon ineffective notice is pending before the Board of Immigration Appeals.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

5. The Petitioner, is a native and citizen of Haiti who entered without inspection on or about August 20, 1993. In 1997, The Petitioner met with Mr. Joseph Petit Juene, an individual holding himself out as an immigrant specialist to discuss to his immigration status. Mr. Juene's business address was 5311 NW 3d Ave., Miami, Fl. 33127. Petitioner was required to sign forms while at

Mr. Juene's office, however, the Petitioner did not know and understand what he was signing. Petitioner did not retain nor pay Mr. Juene any money for his services.

6. The papers which the Petitioner signed was an Asylum Application. Mr. Juene had filed this application with the Immigration and Naturalization Service without Petitioner's knowledge or consent.

7. On July 22, 1997 a notice to appear was mailed to Respondent's at 5311 NW 3rd Ave., Maimi FL. 33127 which scheduled him for a hearing on November 7, 1997 before the Immigration Court in Miami. Respondent never received this notice. The Notice to Appear indicates that it was sent by certified mail, return receipt requested. Petitioner never signed a receipt and never received the Notice to Appear. On November 7, 1997, the Respondent was ordered removed in absentia by the Immigration Judge.

8. Petitioner married his wife, Sabine Alexandre in Boston, Massachusetts on February 23, 2001. On July 18, 2002, Mrs. Alexandre became a naturalized U.S.Citizen. Mrs. Alexandre filed an I-130 petition for immediate relative for her husband which has since been approved by the Immigration and Naturalization Service.

9. On September 9, 2003, Respondent attempted to renew his employment authorization based upon his adjustment of status application with the BCIS in Boston and was detained by immigration officials. This was the first time Petitioner had learned that he had been scheduled for a hearing and that he had been ordered removed.

10. On September 11, 2003 Petitioner filed a Motion to Reopen to rescind his in absentia order of removal for lack of notice with the Immigration court ion Miami. The Immigration Judge denied this Motion on September 30, 2003 stating only, "record contains evidence of Respondent of Notice to Appear and Notice of hearing together on form I-862. Motion not filed per 8 C.F.R. 3.23."

10.5 On October 10, 2003 Petitioner filed a Motion to reconnsider with the Immigration Judge in Miami. The Immigration Judge denied this Motion on November 10, 2003. An appeal of this Motion is pending before the Board of Immigration Appeals.

ANALYSIS

11. The Petitioner Moves this Honorable Court to grant his request for habeas relief and stay his removal, pending the outcome of his Motion to Reopen, pending before the Board of Immigration Appeals.

12. The Petitioner meets the four part test set forth in <u>Arevalo v. Ashcroft</u> for a judicial stay of removal. <u>Arevalo v. Ashcroft</u>, 344 F3d. 1, 7 (1st Cir. 2003). The Court, in that case, stated that "a petitioner must demonstrate (1) that he is likely to succeed on the merits of his underlying case; (2) that he will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; (4) that the stay would not disserve the public interest." <u>Id.</u>

13. Petitioner is likely to succeed on the merits of his claim to reopen his proceedings.

<u>THE MOTION TO REOPEN WAS TIMELY FILED</u>
It was clear error for the immigration judge to deny Petitioner's motion to Reopen as untimely filed under 8 C.F.R. Sec. 323. The INA specifically provides that in absentia orders of removal may be rescinded by a motion to reopen filed at any time for lack of notice. INA sec. 240(b)(5)(C)(ii). Respondnet's Motion to Reopen and Reconsider each specifically stated that they were for lack of notice, they were timely filed because there are no restrictions on when they could be filed.

<u>THE IMMIGRATION JUDGE ENTERED AN IMPROPER IN ABSENTIA ORDER</u>
14. The Immigration Judge erred when he denied Petitioner's Motion to Reopen because, "the record contains evidence of Respondent of Notice to Appear and Notice of Hearing together on form I-862." Petitioner submitted his sworn affidavit that he did not receive the Notice to Appear mailed by the INS. Where the Notice to Appear is mailed to a last known address of the alien, and is never received by the alien, the notice requirements for an in absentia order cannot be satisfied and an inabsentia order of removal is not proper. <u>Matter of G-Y-R-</u>, 23 I&N Dec. 18., 186-89 (BIA 2001).

The INA provides that written notice, mailed to the most recent address provided under section 239(a)(1)(F), is sufficient to establish that the alien received written notice as required by section 239. See INA 240(b)(5)(A). However, only after the alien has received the Notice to Appear, with the notice of the statutory address obligations associated with removal proceedings and the consequences of failing to provide a current address, can a sec. 239(a)(1)(F) address be said to exist. <u>Matter of G-Y-R-</u>, 23 I&N Dec. At 186-89. Because Petitioner never received the Notice to Appear, an inabsentia order of removal was not properly issued in this case and it was error for the Immigration Judge not to rescind the in absentia order and allow the Petitioner to reopen his case.

15. Petitioner would suffer irreparable injury if removed from the United States. Petitioner has filed an application for adjustment of status based upon his marriage to a United Citizen, and his United States citizen child. Should the Order of Removal Be executed, the Petitioner will be unable to return to the United States for a minimum of 5 years, thereby preventing the Petitoner

from being with his wife and daughter.

16. A balancing of the hardships in this case favor the Petitioner. Petitioner has no criminal history and has not been a burden to society. If his stay of removal is granted, Petitioner presents no potential harm to society or to the Government.

17. The Stay of Removal, is in the public interest. It is in the public interest to see justice done and to have claims before the courts adjudicated on the merits. If Petitioner does not receive a stay of removal, he will be forced to leave his home and return to a place he fears, and possibly, to the death without ever having his claim heard. The Harm wrought by Mr. Joseph Petit Juene's fraud will never be addressed and a precedent will be set denying non-citizens a right to adjudicate on the merits.

Respectfully Submitted,

_____
STEPHEN A. LAGANA, ESQ.
145 Essex Street
Lawrence, MA. 01841
978-794-2331

UNITED STATES DEPARTMENT OF JUSTICE
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

| | |
|---|---|
| In the Matter of: ) | |
| ) | **DETAINED ALIEN** |
| ALEXANDRE, Jean Jadel ) | |
| ) | File No.: A75-347-744 |
| Respondent ) | |
| ) | |

## RESPONDENT'S APPEAL OF THE IMMIGRATION JUDGE'S DECISION

### INTRODUCTION

Respondent appeals the Immigration Judge's decision denying Respondent's Motion to Reconsider on November 10, 2003. The Immigration Judge's decision was an abuse of discretion and reversible error where Respondent's Motion was timely filed, and his in absentia order of removal warranted rescission on the basis of lack of notice. Additionally, Respondent argues that the errors of the Immigration Judge were not harmless because, but for these errors, Respondent would be able to reopen his proceedings, rescind the Order of Removal against him, and adjust his status to that of a Lawful Permanent Resident.

### FACTS

Respondent is a native and citizen of Haiti who entered the United States without inspection on or about August 20, 1993. In 1997 Respondent met with Mr. Joseph Petit Juene, an individual holding himself out as an immigration specialist to discuss his immigration status. Mr. Juene's business address was 5311 NW 3rd Ave., Miami, FL 33127. Respondent was required to sign forms while at Mr. Juene's office, however, he did not know what they were. Respondent did not retain Mr. Juene and did not pay him any money. Sometime after that an asylum application and fingerprint card were filed on Respondent's behalf without his

knowledge. Respondent never went to Immigration for fingerprinting, or any other purpose in connection with this asylum application. The fingerprint card is notarized by a notary public on 2nd Avenue in Miami, FL, indicating that Respondent's fingerprinting was not done at INS, but by an individual whom Mr. Joseph Petit Jeune introduced the Respondent to, for the purpose of completing his fingerprinting. Both the fingerprint card and asylum application were submitted without Respondent's knowledge and without his having to take any action to further processing.

On July 22, 1997 a Notice to Appear was mailed to Respondent at 5311 NW 3rd Ave., Miami, FL 33127 which scheduled him for a hearing on November 7, 1997 before the Immigration Court in Miami. Respondent never received this notice and did not reside at this address for delivery to have reached him. The Notice to Appear indicates that it was sent by certified mail, return receipt requested. Respondent never signed a receipt and never received the Notice to Appear. On November 7, 1997 Respondent was ordered removed in absentia by the Immigration Judge.

Respondent married his wife, Sabine Alexandre in Boston Massachusetts on February 23, 2001. On July 18, 2002, Mrs. Alexandre became a naturalized U.S. citizen. Mrs. Alexandre filed an I-130 petition for immediate relative for her husband which was pending when his Motion to Reopen was filed, but has since been approved. It was as a result of this petition that Respondent acquired employment authorization for the first time since he entered the United States.

On September 9, 2003 Respondent went to renew his employment authorization with BCIS in Boston, Massachusetts and was detained by immigration officials. This was the first time Respondent learned he had been scheduled for a hearing and that he had been ordered removed.

On September 11, 2003 Respondent filed a Motion to Reopen to rescind his in absentia order of removal for lack of notice with the Immigration Court in Miami. The Immigration Judge denied this Motion on September 30, 2003 stating only, "Record contains evidence of Respondent of Notice to Appear and Notice of hearing together on form I-862. Motion not filed timely per 8 C.F.R. 3.23."

On October 10, 2003 Respondent filed a Motion to Reconsider with the Immigration Judge in Miami. The Immigration Judge denied this Motion on November 10, 2003 for failure to specify error of fact or law in the prior decision and failing to provide an explanation for his having work authorization in support of his claim that he did not know about the asylum application filed on his behalf. Respondent now appeals the decision of the Immigration Judge on November 10, 2003 denying his Motion to Reconsider.

## ISSUE

Whether it was reversible error and abuse of discretion for the Immigration Judge to deny Respondent's Motion to Reconsider where Respondent's Motion to Reopen was timely filed and Respondent did not receive the Notice to Appear, and had no notice of his scheduled hearing.

## ARGUMENT

It was reversible error and abuse of discretion for the Immigration Judge to deny Respondent's Motion to Reconsider for failure to specify error of fact or law in the prior decision where it specified that Respondent's Motion to Reopen was timely filed and Respondent did not receive the Notice to Appear and had no notice of his scheduled hearing.

A. RESPONDENT'S MOTION TO REOPEN FOR LACK OF NOTICE WAS TIMELY FILED.

It was clear error for the Immigration Judge to deny Respondent's Motion to Reopen as untimely filed under 8 C.F.R. §3.23. Immigration law specifically provides an exception to the

time limits for a motion to reopen stating that an in absentia order of removal may be rescinded by a motion to reopen **filed at any time** for lack of notice. INA §240(b)(5)(C)(ii); 8 C.F.R. §3.23(b)(4)(ii); 8 C.F.R. §3.2(c)(3); see Matter of M-S-, 22 I&N Dec. 349 (BIA 1998). Respondent's Motion to Reopen and Motion to Reconsider each specifically stated that he was seeking to have his in absentia order of removal rescinded for lack of notice. Because the Motion to reopen was for lack of notice, it was timely filed as there are no restrictions on when it could be filed. See Id.

B. AN IN ABSENTIA ORDER OF REMOVAL WAS IMPROPER IN RESPONDENT'S CASE UNDER MATTER OF G-Y-R- BECAUSE HE DID NOT RECEIVE, AND CANNOT BE CHARGED WITH RECEIVING THE NOTICE TO APPEAR.

The Immigration Judge also erred when he denied Respondent's Motion to Reopen because, "the record contains evidence of Respondent of Notice to Appear and Notice of hearing together on Form I-862". Respondent submitted his sworn affidavit that he did not receive the Notice to Appear mailed by the INS. Respondent further supported this in his Motion to Reconsider by indicating that the address used was, in fact, the business address of the individual who prepared the asylum application and fingerprint card on his behalf.

Where the Notice to Appear is mailed to a last known address of the alien, and is never received by the alien, the notice requirements for an in absentia order cannot be satisfied and an in absentia order of removal is not proper. Matter of G-Y-R-, 23 I&N Dec. 181, 186-89 (BIA 2001). The INA does provide that written notice, mailed to the most recent address provided under section 239(a)(1)(F), is sufficient to establish that the alien received written notice as required by section 239." See INA §240(b)(5)(A). However, only after the alien has received the Notice to Appear, with the notice of the statutory address obligations associated with removal proceedings and the consequences of failing to provide a current address, can a §239(a)(1)(F)

address be said to exist. Matter of G-Y-R-, 23 I&N Dec. at 186-89.

In this case, however, the Notice to Appear was not sent to Respondent's correct mailing address and Respondent never received the Notice to Appear. The Notice to Appear indicates that it was sent by certified mail, return receipt requested to 5311 NW 3rd Ave, Miami, FL 33127. Respondent did not reside at this address, it was the business address of the individual who prepared Respondent's paperwork and filed it without his knowledge. Where the Notice to Appear is not sent to Respondent's correct mailing address, he cannot be charged with having received it. See Matter of M-D-, 23 I&N Dec. 540 (BIA 2002). Respondent never received the Notice to Appear, and never signed a return receipt for any mailing. See Respondent's Affidavit. Furthermore, the government has not produced the return receipt indicating that it was signed by anyone, was properly addressed to allow delivery, nor any other evidence to indicate that it was received by Respondent or a responsible individual at Respondent's household. Because Respondent never received the Notice to Appear, an in absentia order of removal was not properly issued in his case and it was error for the Immigration Judge not to rescind that in absentia order and allow Respondent to reopen his case. See Matter of G-Y-R-, 23 I&N Dec. at 186-89.

C.   IT WAS ERROR FOR THE IMMIGRATION JUDGE TO DENY RESPONDENT'S MOTION BASED ON UNFOUNDED AND FALSE ALLEGATIONS THAT HE HAD WORK AUTHORIZATION.

It was also error for the Immigration Judge to deny Respondent's Motion to Reconsider for failing to provide an explanation of how he received work authorization to support his claim that he was unaware of the asylum application that was filed. The government argued in its opposition to Respondent's Motion to Reconsider that he had work authorization as the result of the asylum application that had been filed on his behalf and, therefore, could not claim ignorance

of the application. The Immigration Judge seems to have relied on this argument to deny Respondent's Motion. However, the government failed to provide any support for its allegation that Respondent received work authorization from his asylum application. In fact, Respondent did not have work authorization at that time, but only received it years later when his wife filed an I-130 petition on his behalf. Respondent did not know, when he filed his Motion to Reconsider, that the government would allege that he had work authorization at a time when he did not, and so, could not have addressed this in his Motion to Reconsider.

D. THE IMMIGRATION JUDGE ERRED IN DENYING RESPONDENT'S MOTION TO RECONSIDER FOR FAILURE TO SPECIFY ERROR OF FACT OR LAW IN THE PRIOR DECISION.

Respondent's Motion to reconsider indicated that the Immigration Judge's prior decision erred, as a matter of law, in denying Respondent's Motion to Reopen as untimely because there is no time limit for filing his motion to reopen for lack of notice. Respondent's Motion to Reopen further indicated that it was error of fact and law to deny his Motion to Reopen where he did not receive, and cannot be charged with having received the Notice to Appear under Matter of G-Y-R-. Respondent never received the Notice to Appear and no evidence has ever been set forth to indicate that he did receive it or could be charged with having received it.

CONCLUSION

WHERE Respondent's Motion to Reopen was timely filed, and Respondent did not receive, and cannot be charged with receiving, the Notice to Appear, Respondent respectfully urges this Board to find that the in absentia order for his removal was improperly issued, rescind the order of removal, reopen proceedings and allow Respondent to adjust status.

Respectfully Submitted,
Jean Jadel Alexandre
Petitioner
By his Attorney

Date: 2/14/04

Stephen A. Lagana, Esq.
Lagana & Associates
145 Essex Street
Lawrence, MA 01840
978-794-2331
BBO: 565811