UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN JADEL ALEXANDRE,<br>        Petitioner,<br><br>v.<br><br>BRUCE CHADBOURNE,<br>DISTRICT DIRECTOR,<br>IMMIGRATION AND<br>CUSTOM ENFORCEMENT,<br>        Respondent. | CIVIL ACTION NO:<br>04-10319-PBS |

## RESPONDENT'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND OPPOSITION TO THE PETITIONER'S STAY REQUEST

### INTRODUCTION

The Petitioner seeks a stay of removal pending appellate administrative review of the denial of a motion to reopen based upon an alleged lack of notice. The Respondent submits this memorandum in support of his motion to dismiss on the ground that the court lacks subject matter jurisdiction.

### FACTS

Petitioner, a native and citizen of Haiti, entered the U.S. without inspection in August 1993. He then applied to the Immigration and Naturalization Service ("INS") for asylum and the attendant benefit of work authorization. Petitioner failed to prosecute the asylum application, and was then placed into removal proceedings by the INS on July 22, 1997. The Notice to Appear for removal hearing was mailed certified mail, return receipt requested, to petitioner at the address he provided the INS at the time of his fingerprinting in connection with his asylum application. The notice informed petitioner that his removal hearing would be held at 9:00 a.m.

on November 7, 1997.

Petitioner failed to appear at his removal hearing in Miami, Florida, and was ordered deported in absentia by the Miami Immigration Judge on November 7, 1997.

Petitioner did not leave the United States as ordered. Instead he migrated to Massachusetts and married a United States citizen on February 23, 2001. In September 2002, Petitioner's spouse filed a visa petition for Petitioner, and Petitioner filed an application to adjust status to lawful permanent residence.[1] Because Petitioner's adjustment application failed to disclose that he was in removal proceedings, the adjustment application and visa petition were processed through the initial stages until it was discovered that Petitioner was subject to the 1997 removal order. Petitioner was taken into DHS custody on September 9, 2003.

Petitioner next filed a motion to reopen his 1997 in absentia removal order at the Miami Immigration Court. Petitioner, through counsel, claimed that he had never received the notice of hearing for his November 7, 1997, removal hearing. The Immigration Judge denied the motion to reopen by decision dated September 30, 2003. Through new counsel, Petitioner moved to reconsider the denial of the motion to reopen, claiming that the address provided on Petitioner's asylum application and used by the INS in its Notice to Appear was not his own address, but that of an unlicensed preparer of applications who filed the asylum application without Petitioner's

---

[1]Petitioner would first have to reopen his removal order in order to seek an adjustment of status based upon marriage to a United States citizen. See 8 C.F.R. § 1245.2(a) ("After an alien, other than an arriving alien, is in deportation or removal proceedings, his or her application for adjustment of status . . . shall be made and considered only in those proceedings."). See also, e.g., Prado v. Reno, 198 F.3d 286, 289 (1st Cir. 1999) (where an alien granted voluntary departure sought an adjustment of status based upon marriage to a U.S. citizen, the court noted, "Prado did apply for adjustment of status; however, she filed her application with the INS District Director in Puerto Rico, when such an application should have been filed, along with a motion to reopen, with the IJ.").

2

knowledge or authorization.

The motion for reconsideration was opposed by the Department of Homeland Security, who pointed out that when Petitioner appeared for his fingerprints, he gave the address to which notice of hearing was sent, and also that petitioner's asylum application -- bearing the same address -- was signed by Petitioner and lacked any indication it was prepared by another. The motion for reconsideration was denied by decision dated November 10, 2003. See Decision of the Immigration Judge, dated November 10, 2003, attached as Exhibit 1.

The Petitioner has filed an appeal of the Immigration Judge's denial with the Board of Immigration Appeals ("BIA").

The Petitioner seeks release from allegedly unlawful custody and a stay of removal from this Court pending "the appeal filed with the Board of Immigration Appeals." Petition, §11.

The Petitioner has previously voluntarily dismissed, without prejudice, a habeas action alleging the same facts. See Docket # 03-12357-PBS.

## ARGUMENT

I. **The Petitioner Was Properly Ordered Removed Pursuant to the Statutory Framework Established for In Absentia Removal Proceedings**

Title 8 U.S.C. §1229a, sets out the procedure applicable to *in absentia* removal proceedings.

> (A) Any alien who, after written notice[2] required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2) of this section). The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title.

8 U.S.C. §1229a(b)(5)(A). The Immigration Judge has found that the Petitioner was served with notice of the Removal Proceedings at the address provided to INS by the Petitioner in his asylum petition, rejecting the Petitioner's contention that he had no knowledge of the filing of the asylum petition or the Removal Proceedings. See Decision of the Immigration Judge, dated November 10, 2003, attached as Exhibit 1. The Petitioner does not contest that he was properly removable at the time that the order of removal entered.

---

[2]See also, 8 U.S.C. §1229(c) ("Service by mail under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F) of this section.")

To alleviate the potential injustice of removal in the absence of notice, Congress specifically legislated a limited remedy, expressly conferring discretion upon the Immigration Judge:

> Such an order <u>may</u> be rescinded only--
>
> (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section), or (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

8 U.S.C. §1229a(b)(5)(C) (emphasis added).[3]

In response to a motion to reopen filed pursuant to this provision, the Immigration Judge has found that the Petitioner was properly ordered removed pursuant to 8 U.S.C. §1229a, and that the Petitioner has failed to demonstrate that he did not receive appropriate notice. Furthermore, the Petitioner does not provide any argument that had notice been provided, the outcome of the proceeding could have been altered.

**II.   The Petitioner Is Not Entitled to Habeas Relief as the Petition Fails to Allege Any "Colorable Claim of Legal Error"**

    A.   <u>The Denial of the Petitioner's Motion to Reopen Is Discretionary and Not Subject to Habeas Review</u>

The scope of habeas review is not the same as the scope of statutory judicial review in the courts of appeal. <u>Heikkila v. Barber</u>, 345 U.S. 229, 236 (1953). Habeas review is appropriate for allegations that detention was "based on errors of law, including the erroneous application . . . of

---

[3] The section goes on to provide that a removable alien shall not be removed while such a motion is pending before the Immigration Judge. <u>Id</u>.

statutes." INS v. St. Cyr, 533 U.S. 289, 302 (2001). More succinctly, if the statute in question "makes an alien eligible to be considered for a certain form of relief, he may raise on habeas the refusal of the agency to even consider him. But he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief." Saint Fort v. Ashcroft, 329 F.3d 191, 203 (1st Cir.2003) (emphasis added).

Congress created no statutory right to have a motion to reopen granted in these circumstances, expressly legislating that the determination was discretionary. See 8 U.S.C. §1229a(b)(5)(C) (an in absentia removal order "may be rescinded"). Indeed, this Court has rejected habeas review in a similar action in which the Petitioner sought habeas review of the denial of a motion to reopen an *in absentia* removal, reasoning that:

> [A] statutory right is a necessary predicate to proper habeas jurisdiction. It is not clear that any statutory right existed here because the statute [8 U.S.C. §1229a(b)(5)(C)] does not require that an order be rescinded if the petitioner demonstrates exceptional circumstances; rather, the statute merely states that an order "may" be rescinded. Such language casts doubt on the statutory "right" upon which Lopez's entire petition rests. The precatory--as opposed to mandatory-- language itself further suggests that whether to rescind the order is discretionary.
> Even assuming such a right exists, the First Circuit has ruled that, on statutory judicial review, it reviews the Board's denial of a motion to reopen for "abuse of discretion." Such a standard of review strongly suggests that a decision on a motion to reopen presents a question of discretion, not one of pure law.

Lopez v. Ashcroft, 267 F.Supp.2d 150, 153 (D. Mass. 2003) (internal citations omitted).

The Petitioner seeks review of a discretionary determination (the denial of his Motion to Reopen), a decision outside the scope of habeas review. As a result, the instant Petition must be dismissed for lack of jurisdiction.

B. <u>The Petitioner May Not Challenge Factual Findings By Way of a Petition for Writ of Habeas Corpus</u>

While the Petitioner contends that he was denied notice of the underlying removal hearing, that issue has been presented to, and rejected by, the Immigration Judge. Specifically, the Immigration Judge found that the Petitioner "has failed to establish that the asylum application was prepared without his consent . . . [and that] [i]t appears unlikely that the respondent would have been unaware of his I-589 as he has proffered no other basis for his work authorization application." See Exhibit 1.

Habeas jurisdiction, by definition, does not encompass review of factual determinations. See 28 U.S.C. §2241; Goncalves v. Reno, 134 F.3d 110, 113, 114 (1st Cir. 1998) (noting that §2241 review is limited to custody in violation of the "Constitution or laws or treaties of the United States" and finding that "pure issue[s] of law" may be raised in habeas); Ruckbi v. INS, 285 F.3d 120, 124 n.6 (1st Cir. 2002); Carranza v. INS, 277 F.3d 65, 72 (1st Cir. 2002). See also, Sol v. INS, 274 F.3d 648, 650 (2nd Cir. 2001) ("[t]his sort of fact-intensive review is vastly different from what the habeas statute plainly provides: review for statutory or constitutional errors."); Bowrin v. INS, 194 F.3d 483, 490 (4th Cir.1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited."); Lopez, 267 F.Supp. at 153.

The instant claim has been heard and rejected by the Immigration Judge. The instant claim must be dismissed as habeas jurisdiction does not provide for a second opportunity to re-'igate the facts.

7

**III.    A Stay of Removal Should be Denied.**

    A.    <u>The Decision of Whether to Grant a Stay Is, by Statute and Regulation, Within the Discretion of the Board of Immigration Appeals and, Consequently, Outside the Scope of Habeas Review</u>

The writ of habeas corpus exists for the purpose of challenging custody in violation of the constitution, treaties or laws of the United States. <u>See</u> 28 U.S.C. §2241. As noted in Sections I and II, the Petitioner's custody is lawful as the Petitioner is being held subject to a final order of removal. To the extent which the Petitioner seeks a stay pending appellate administrative review of his motion to reopen, he seeks an order of this court directing the BIA to exercise its discretion in his favor, relief outside the scope of habeas.

Congress has expressly addressed the instant situation through legislation, providing that an alien challenging an *in absentia* order of removal was entitled to file a motion to reopen and providing for a statutory stay of removal[4] pending decision of the motion to reopen by the immigration judge. <u>See</u> 8 U.S.C. §1229a(b)(5)(C). Congress could have, <u>but expressly did not</u>, provide an automatic stay pending appeal to the Board. <u>Id.</u>

Similarly, the relevant regulations do not provide for a right to a stay in these circumstances. Indeed, motions to reopen are expressly excepted from the general rule

---

[4]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) amended the Immigration and Nationality Act's provisions for deportation (renamed "removal") and judicial review of orders of removal. Because Petitioner's removal proceedings were commenced after the April 1, 1997, the effective date of IIRIRA, the instant proceeding is one of "removal" not "deportation" or "exclusion."

Prior to IIRIRA, immigration law provided for two types of removal proceedings: deportation (for aliens within the United States) and exclusion (for aliens outside the United States). <u>See</u>, e.g., <u>Vasquez-Zavala v. Ashcroft</u>, 324 F.3d 1105, 1107 (9th Cir.2003). IIRIRA contains transitional rules for cases begun by the INS before April 1, 1997 but not completed by that date; these rules generally provide that IIRIRA's changes do not apply. Cases begun by the INS after April 1, 1997, however, are governed by IIRIRA's permanent rules.

providing for stays pending the completion of an appeal. Section 1003.6 of 8 C.F.R. provides:

> (a) Except as provided under § 236.1 of this chapter, § 1003.19(i), and paragraph (b) of this section, the decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification.
> (b) The provisions of paragraph (a) of this section shall not apply to an order of an Immigration Judge under § 1003.23 or § 242.22 of 8 CFR chapter I denying a motion to reopen or reconsider or to stay deportation, except where such order expressly grants a stay or where the motion was filed pursuant to the provisions of § 1003.23(b)(4)(iii).[5] <u>The Board may, in its discretion, stay deportation while an appeal is pending from any such order if no stay has been granted by the Immigration Judge or a Service officer.</u>

8 C.F.R. §1003.6 (emphasis added).

For motions to reopen filed in "removal" proceedings, *ie.*, those initiated after IIRIRA's effective date, section 1003.23(b)(4)(ii) provides "[t]he filing of a motion [to reopen] under this paragraph shall stay the removal of the alien pending disposition of the motion by the Immigration Judge." Like 8 U.S.C. §1229a(b)(5)(C), the regulation does not provide for an automatic stay pending administrative appeal. Instead, the issuance of a stay by the Board of Immigration Appeals is governed by 8 C.F.R. §1003.6(b), *supra*, which places such a decision squarely within its discretion.

The Petitioner may request a stay from the Board of Immigration Appeals, see 8 C.F.R. §1003.5(b), however, the decision of whether to grant a stay in the present circumstances is, by

---

[5]By way of contrast, the regulations do provide for an automatic stay pending appeal for those actions which pre date the effective date of IIRIRA. Section 1003.23(b)(4)(iii) applies to "[o]rders entered in absentia in <u>deportation</u> or <u>exclusion</u> proceedings", *i.e.*, those initiated prior to the effective date of IIRIRA, *see supra* note 4, and goes on to provide that "[t]he filing of a motion to reopen under . . . this section shall stay the deportation of the alien pending decision on the motion and the adjudication of any properly filed administrative appeal." 8 C.F.R. §1003.23(b)(4)(iii).

statute and regulation, discretionary. Habeas corpus jurisdiction in the federal courts does not reach factual or discretionary determinations. Sawan v. Farquharson, No. 02-10959-RGS (D. Mass. 2002) (2002 WL 1465771, *1) (the scope of habeas review of deportation orders "does not include factual or discretionary determinations made by the INS."); Sulaiman v. Attorney General, et al., 212 F.Supp.2d 413, 416 (E.D.Pa. 2002) ("scope of review of [deportation orders] is limited to questions of law.").

Consequently, the court lacks jurisdiction to enter the requested stay.

B.   The Petitioner Has Not Met the Threshold Requirements for a Stay.

In Arrevalo v. INS, 344 F.3d 1, 9 (1st Cir. 2003), the First Circuit concluded that the "standard for evaluating requests for stays pending review of final orders of removal is the four-part algorithm used for preliminary injunctions." "Under this quadral standard, a petitioner must demonstrate (1) that she is likely to succeed on the merits of her underlying objection; (2) that she will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; and (4) that the stay would not disserve the public interest." Id. at 7.

The instant Petition fails to cross the first (and most important) threshold, a likelihood of success on the merits. The Petitioner points to no evidence, other than self serving statements, to support his claims. Those claims have been reviewed, and rejected, by an Immigration Judge. The Petitioner points to no other evidence justifying a conclusion that the findings of the Immigration Judge are unfounded.

Consequently, the Petitioner's request for a stay should be denied.

## CONCLUSION

For the foregoing reasons, the Respondent requests that the Petition be dismissed for lack of jurisdiction and that the Petitioner's request for a stay be denied.

By his attorneys,

MICHAEL J. SULLIVAN
United States Attorney

MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA   02210
Tel. No. (617) 748-3136

### Certificate of Service

I hereby certify that a true copy of the above document was served upon counsel for the Petitioner, Steven Lagana, Lagana & Associates, 145 Essex Street, Lawrence, MA 01841, by mail on this 23rd day of February 2004.

Mark J. Grady
Assistant U.S. Attorney

11

11/14/2003  15:05   508-584-0543                ATTY NESSRALLA JR                    PAGE 03

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
U.S. IMMIGRATION COURT
MIAMI, FLORIDA

IN THE MATTER OF:

ALEXANDRE, JEAN JADEL      )                CASE NO. A75-347-744

RESPONDENT/APPLICANT)
)
IN DEPORTATION/EXCLUSION PROCEEDINGS)       DECISION ON A MOTION
**REMOVAL**
A Motion     **TO RECONSIDER AND STAY OF REMOVAL**              has

been filed in the above captioned case. The Motion has been duly considered and it appears to the

Court that:

[ ]   The request is timely and reasonable. Therefore, **IT IS HEREBY ORDERED** that the Motion be **GRANTED**.

[X]   The Motion has been duly considered and it appears to the Court that no substantial grounds have been advanced to warrant its grant. Therefore, **IT IS HEREBY ORDERED** that the Motion be and the same is hereby **DENIED**. Stay of Removal is also hereby withdrawn.

[X]   After careful consideration, the Court finds that the respondent's motion fails to prove any error in fact or law in the prior decision of the Court. See 8CFR1003.23. The respondent has stated that he was unaware of the notice sent to the last known address given to the former Immigration and Naturalization Service at the time the Notice to appear was issued. However, he has failed to establish that the asylum application was prepared without his knowledge and consent. No preparer is reflected on the application. It appears unlikely that the respondent would have been unaware of his I589 as he has proferred no other basis for his work authorization application.

RONALD G. SONOM
U.S. IMMIGRATION JUDGE

Date signed:  11/10/03

cc:   Chief Counsel
      Counsel for Respondent/Applicant
      Respondent/Applicant

Mailed out: 10 Nov 23                   By: MC